**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NOVA OCULUS PARTNERS, LLC, <br> f/k/a THE EYE MACHINE, LLC <br> 41865 Boardwalk Avenue, Suite 204 <br> Palm Desert, CA 92211 <br><br> PETER POCKLINGTON <br> 170 Gold Canyon Drive <br> Palm Desert, CA 92211 <br><br> LANTSON E. ELDRED <br> 74-900 Highway 111, Suite 127 <br> Indian Wells, CA 92210 <br><br> AMC HOLDINGS CO., LLC <br> 170 Gold Canyon Drive <br> Palm Desert, CA 92211 <br><br>           Plaintiffs, <br><br> vs. <br><br> UNITED STATES SECURITIES AND <br> EXCHANGE COMMISSION, <br> **Serve:** <br>           Civil Process Clerk <br>           Office of the United States Attorney for the <br>           District of Columbia <br>           555 Fourth Street, NW <br>           Washington, DC 20530, <br><br>           William Barr <br>           Attorney General of the United States <br>           950 Pennsylvania Ave., NW <br>           Washington, DC 20530-0001 <br><br>           Securities and Exchange Commission <br>           Office of the General Counsel <br>           100 F Street, NE <br>           Washington, DC 20549 <br><br>           Defendant. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**
(Freedom of Information Act)

For their complaint against the United States Securities and Exchange Commission ("SEC"), Plaintiffs allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin the SEC from improperly withholding agency records and to order the production of all improperly withheld agency records.

2. The records are responsive to Plaintiffs' FOIA Request ("Request") submitted to the SEC and modified as detailed below.

3. The SEC has failed to produce such responsive records.

## Parties

4. Plaintiffs Nova Oculus Partners, LLC, f/k/a The Eye Machine, LLC and AMC Holdings Co., LLC are corporations incorporated in Delaware with principal place of business in California. Plaintiffs Peter Pocklington and Lantson E. Eldred are individuals with residence in California.

5. The SEC is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

## Jurisdiction and Venue

6. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## Background

8. On July 15, 2019, Plaintiffs submitted the Request to the SEC via facsimile and Federal Express. A true and correct copy of the Request is attached as Exhibit 1.

9. The SEC received and stamped the Request as received on July 16, 2019. A true and correct copy of the Request with the Office of FOIA Services "Received" stamp is attached as Exhibit 2.

10. On July 17, 2019, Plaintiffs' counsel received a call from Jeffrey Oval, the SEC FOIA Branch Chief, requesting clarification of the Request. Following that call, Mr. Oval emailed Plaintiffs' counsel clarifying the Request on July 17, 2019. A true and correct copy of the e-mail correspondence is attached as Exhibit 3.

11. Later on July 17, 2019, Plaintiffs' counsel responded noting certain necessary corrections to the clarified Request. *See* Exhibit 4.

12. Also, on July 17, 2019, Mr. Oval responded with a corrected email and Plaintiffs' counsel provided a response. *See* Exhibit 5.

13. On July 19, 2019, the SEC FOIA Office sent via email an acknowledgement letter and assigned the Request Tracking No. 19-02629-FOIA. *See* Exhibit 6. In that letter, the Office of FOIA Services noted that it received the Request on July 18, 2019, even though the Office of FOIA Services "Received" stamp is dated July 16, 2019. *See id.*; *see* Exhibit 2.

14. Also on July 19, 2019, Plaintiffs' counsel responded that the acknowledgement letter contained certain errors. *See* Exhibit 7.

15. Later on July 19, 2019, Mr. Oval emailed a corrected acknowledgement letter. *See* Exhibit 8.

16. On July 19, 2019, Plaintiffs' counsel responded to the corrected acknowledgement letter. *See* Exhibit 9.

17. Plaintiffs' response was sent via email on Friday, July 19, 2019. As such, at the latest, on Monday, July 22, 2019, any tolling of the Request from July 17, 2019 was no longer

permitted.  *See* 5 U.S.C. § 552(a)(6)(A)(ii)(I) (tolling only once while awaiting response from requester).

18.  On August 23, 2019, Felecia Taylor, FOIA Lead Research Specialist at the SEC FOIA Office, sent a letter via email responding to the Request.  A true and correct copy of Ms. Taylor's response is attached as Exhibit 10.  In her letter, Ms. Taylor stated that the SEC would be unable to respond to the Request within the statutory time period due to "unusual circumstances" and invoked the ten-day extension.  *See id.*  Ms. Taylor also noted that the agency had identified approximately 91 gigabytes of email communications, that such Request would fall in the Complex Track, and that the agency anticipated it might take thirty-six months or more before it could begin to process the Request.  *See id.*  Ms. Taylor asked if Plaintiff's counsel was interested in having the Request placed into the Complex Track and/or whether she would like to narrow the Request and to contact Ms. Taylor in writing or by phone by September 9, 2019.  *See id.*  Ms. Taylor's reference to Plaintiff's counsel as the requester was in error, as Ms. Taylor did not refer to the FOIA requesters (i.e., Plaintiffs) identified in the Request.  *See id.*; *see* Exhibit 1.  Ms. Taylor also addressed search and review fees.  *See* Exhibit 10.

19.  Ms. Taylor's letter was sent 25 working days after the Request was received by the Office of FOIA Services, excluding any days that could be considered tolled by the agency's request for and receipt of information (July 17, 2019-July 19, 2019).  The "unusual circumstances" no longer tolled the statutory deadline, as that deadline had expired days before the August 23, 2019 letter.

20.  Nonetheless, on September 9, 2019, Plaintiffs responded via email narrowing the Request.  *See* Exhibit 11.  The modified Request, which is the subject of this Complaint, not only

removed several individual requests, but also removed several years from the earlier Request.

*See id.* The Request at issue seeks the following records:

All emails from January 1, 2018 through the present, referencing the below companies and individuals:

   a.   Nova Oculus Partners, LLC
   b.   The Eye Machine, LLC
   c.   Peter Pocklington
   d.   Lantson E. Eldred
   e.   AMC Holdings Co., LLC.

*See id.* In their letter, Plaintiffs also stated that no search fees could be assessed because the SEC had missed its statutory deadline. *See id.* With respect to review fees, Plaintiffs further noted that the SEC did not provide any identification of estimated documents responsive to the modified Request and no estimated review fees, and thus there was no ability or requirement to commit to any such fees beyond the agreed $1,000. *See id.*

   21.   Accordingly, the SEC has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i). *See also* 5 U.S.C. § 552(a)(6)(A)(ii)(I).

## COUNT I - FAILURE TO COMPLY WITH FOIA

   22.   Plaintiffs incorporate each of the foregoing paragraphs of this Complaint.

   23.   Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiffs have a statutory right to access the requested agency records.

   24.   The SEC has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

   25.   The SEC, by and through its component agencies, has improperly withheld agency records responsive to Plaintiffs' Request.

## **Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment for Plaintiffs and award the following relief:

a. Enjoin the SEC from withholding the requested records and order the SEC to produce those records to Plaintiffs in accordance with FOIA, 5 U.S.C. § 552;

b. Expedite the proceedings in this action;

c. Award Plaintiffs their costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted,

September 9, 2019

/s/ Lisa Norrett Himes
Lisa Norrett Himes (DC Bar No. 464089)
Rogers Joseph O'Donnell, PC
875 15th Street, NW, Suite 725
Washington, DC  20005
Tel:  (202) 777-8950
Fax:  (202) 347-8429
lhimes@rjo.com

*Attorney for Plaintiffs*